```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
THOMAS NEVIUS,                     :
                                   :
          Petitioner,              :    Civ. No. 17-4587 (NLH)
                                   :
     v.                            :    OPINION
                                   :
THE ATTORNEY GENERAL FOR THE       :
STATE OF NEW JERSEY, and           :
STEVEN JOHNSON,                    :
                                   :
          Respondents.             :
_____:
```

Petitioner Thomas Nevius ("Petitioner"), a prisoner presently incarcerated at New Jersey State Prison in Trenton, New Jersey, brought a petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus before this Court. See ECF No. 1. At the time of filing, Petitioner paid the required five-dollar filing fee. On December 11, 2019, the Court issued an Opinion and Order denying the petition. See ECF Nos. 13, 14.

On January 7, 2019, Petitioner filed a notice of appeal. See ECF No. 16. He concurrently filed a motion for leave to proceed *in forma pauperis* ("IFP"). See ECF No. 17. Petitioner separately filed a letter which included his six-month prison account statement. See ECF No. 15. Pursuant to Federal Rule of Appellate Procedure 24(a)(1), a court may grant a petitioner IFP status on appeal where the petitioner shows, in the detail required by Form 4 of the Appendix of Forms, that he is unable

to pay or to give security for the fees and costs on appeal.  A petitioner must also state the issues that he intends to present on appeal.  See Fed. R. App. P. 24(a)(1).

Under Local Appellate Rule 24.1(c), a prisoner seeking IFP status on appeal of the denial of a habeas petition,[1] must file "an affidavit of poverty in the form prescribed by the Federal Rules of Appellate Procedure accompanied by a certified statement of the prison account statement(s) (or institutional equivalent) for the 6 month period preceding the filing of the notice of appeal."  L. App. R. 24.1(c).

Here, Petitioner's application for IFP status does include an affidavit of poverty which substantially complies with the requirements of the Federal Rules of Appellate Procedure.  See ECF No. 17; see also Fed. R. App. P. 24(a)(1); Fed. R. App. P., App'x, Form 4.  Significantly, however, Petitioner's six-month prison account statement was not certified by a prison official and he did not include a statement of the issues he intends to raise on appeal.  See ECF Nos. 15, 17.  Consequently, Petitioner has failed to comply with the applicable rules and his motion

---

[1] Paragraph (c) of Local Appellate Rule 24.1 applies to "cases filed in which 28 U.S.C. § 1915(b) does not apply."  L. App. R. 24.1(c).  The Third Circuit has held that § 1915(b) does not apply to habeas petitions or to appeals of denials of habeas petitions.  See Santana v. United States, 98 F.3d 752, 756 (3d Cir. 1996).

2

must be denied without prejudice until such time as he has cured this deficiency.

CONCLUSION

For the reasons set forth above, Petitioner's motion for leave to proceed *in forma pauperis* on appeal is denied without prejudice. Petitioner may file another application for leave to proceed *in forma pauperis* on appeal within 30 days of this Opinion and accompanying Order. If Petitioner wishes to refile his application, he must do so by filing a new application accompanied by a certified, six-month prison account statement and a statement of the issues he intends to present on appeal. An appropriate Order follows.

Dated: January 10, 2020         s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.